NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KWASI SEKOU MUHAMMAD                :
(a.k.a. MICHAEL WINSTEAD),          :
                                    :  Civil Action No. 10-213 (CCC)
            Petitioner,             :
                                    :
       v.                           :      O P I N I O N
                                    :
NEW JERSEY, et al.,                 :
                                    :
            Respondents.            :
_____:

APPEARANCES:

Kwasi Sekou Muhammad, Pro Se
422750/139888C
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

Barbara A. Rosenkrans, Assistant Prosecutor
Essex County Prosecutor's Office
50 West Market Street
Newark, NJ 07102
Attorney for Respondents

CECCHI, District Judge

Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, was dismissed by this Court on January 27, 2012 as time-barred. (See Opinion and Order, Docket Entry Nos. 19 & 20). Petitioner has since filed three motions seeking to reopen his case and supplement his pleadings. (Docket Entry Nos. 22, 27, & 31). Such motions are presently before the

Court.  Respondents have opposed the motions.  For the following reasons, Plaintiffs' motions are denied.

1.  **Motion to Reopen, filed February 14, 2012**

As explained in this Court's Opinion, filed on January 27, 2012 (the "January 27th Opinion"), Petitioner's habeas filing was untimely filed under 28 U.S.C. § 2244.  At that time, the Court dismissed the Petition without prejudice to Petitioner filing a motion to reopen if he could demonstrate that his petition should have been tolled.

On February 14, 2012, Petitioner filed his first motion to reopen. (Docket Entry No. 22).  In the motion, Petitioner seeks to reopen his habeas case, alleging that he was not aware that his constitutional rights were violated by the imposition of the parole supervision period until his PCR was decided.  Petitioner argues that he "discovered his claims upon his PCR motion being returned denied.  Neither did petitioner's assigned counsel, the case law, nor the amended NERA statute make it apparently present to discover the factual predicate of petitioner's constitutional claims of an excessive parole supervision period."  (Pet.'s Br. 4, Docket Entry No. 22).

As explained in the January 27th Opinion, the type of claim presented in Petitioner's motion to reopen does not serve to toll the statute. The Third Circuit has held that equitable tolling will be allowed if: (1) respondents have actively misled

2

petitioner, (2) petitioner in some extraordinary way has been prevented from asserting his rights, or (3) petitioner has timely asserted his rights mistakenly in the wrong forum.  See Brown v. Shannon, 322 F.3d 768, 773 (3rd Cir.), cert. denied, 539 U.S. 948 (2003).  Here, the case upon which Petitioner relies in support of his constitutional claims, Blakely v. Washington, 542 U.S. 296 (2004), was decided prior to the filing of Petitioner's PCR motion, and thus, was available to him to raise.  There is no evidence presented that Respondents "actively misled" Petitioner, and Petitioner has not filed in the wrong forum.

Likewise, statutory tolling under 28 U.S.C. § 2244(d) does not apply under any section of the statute.  Petitioner raised the Blakely issue on appeal, thus he cannot argue that there was a state-created impediment to asserting his claim, that the claim arose after he filed his PCR and was unrecognized at that point, or that he couldn't have become aware of the claim prior to filing his PCR.

For these reasons, Petitioner's first motion to reopen must be denied.

2.   **Motion to Serve a Supplemental Pleading, filed June 11, 2012**

Petitioner has also filed a motion to supplement his pleading pursuant to Fed. R. Civ. P. 15(d).  In his brief in support of the motion, Petitioner asserts that the New Jersey No Early Release Act illegally confers judicial authority on the

Parole Board, rendering his current incarceration for supervised parole unlawful. (Pet.'s Br. Point 2, Docket Entry No. 27-3).

Given that the Petition has been dismissed, Petitioner's motion to supplement is inappropriate at this time and must be denied. This Court has found that Petitioner's habeas petition is untimely. Petitioner's argument that he should be permitted to supplement his pleading, based on a merits argument concerning the New Jersey statutes and filed after the case has been decided, is misplaced as there is currently no pleading to supplement. This case is closed. Thus, Petitioner's motion to supplement will be denied.

3. **Motion to Reopen, filed July 11, 2012**

In his second motion to reopen, filed July 11, 2012 (Docket Entry No. 31), Petitioner argues that, for reasons previously expressed in his motion to supplement, under Fed. R. Civ. P. 60(b), his case should be reopened.

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or  (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'"  "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances.  See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).  A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established."  FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

5

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In this case, Petitioner has not demonstrated that he satisfies any of the "extraordinary circumstances" warranting 60(b) relief. Rather, he seeks to add a claim that the New Jersey statute at issue violates the separation of powers doctrine by establishing mandatory parole supervision (Pet.'s Br. Point 2, Docket Entry No. 31-1). This Court has found that Petitioner's claims are time-barred; thus, his merits-based arguments must be rejected, as his case is closed. Petitioner's Rule 60(b) motion to reopen does not demonstrate that his petition should be reopened based upon tolling principles.

Therefore, this motion is likewise denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motions are hereby denied. An appropriate Order follows.

CLAIRE C. CECCHI
United States District Judge

Dated: September 18, 2012